HEATHER E. WILLIAMS, #122664
Federal Defender
MEGHAN McLOUGHLIN, # 354051
NOA E. OREN, #297100
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: (916) 498-5700
Fax: (916) 498-5710

Attorney for Defendant
TILILA WALKER SUMCHAI

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-CR-00232-DC |
| *Plaintiff*, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER |
| vs. | |
| TILILA WALKER SUMCHAI | Date: January 30, 2026 |
| *Defendant*. | Time: 9:30 a.m. |
| | Court: Hon. Dena Coggins |

**STIPULATION**

1. By previous order, this matter was set for a status conference on January 30, 2026 in order to present additional information regarding the status of this case. In early January, the parties met and conferred on the status of the case and determined that it is likely to proceed to trial. Hence, by this stipulation, the parties jointly move to vacate the upcoming status conference and set the matter for a seven-week trial to begin on March 1, 2027.

2. The parties further request that the Court set the following trial-related schedule:

   a) The defendant shall file any motions under Rule 12 of the Federal Rules of Criminal Procedure on or before September 25, 2026.

   b) The government shall file oppositions to any such Rule 12 motions on or before October 16, 2026.

-1-

    c) The defendant shall file replies to any government oppositions to Rule 12 motions on or before October 30, 2026.

    d) A hearing on any Rule 12 motions shall be set for November 13, 2026, at 9:30 a.m. in Courtroom 10.

    e) A trial confirmation hearing shall be set for December 18, 2026, at 9:30 a.m. in Courtroom 10.

    f) At the trial confirmation hearing, the defense will request a discovery cut off date.

    g) Trial shall commence on March 1, 2027, in Courtroom 10, with an estimated duration of seven weeks.

3. The parties previously confirmed with the Court's staff that a certified Tongan interpreter is available to provide interpretation services on all the above dates.

4. The parties further agree and stipulate, and request that the Court find the following:

    a) The discovery associated with this case includes hundreds of thousands of pages of documents in electronic format, as well as dozens of boxes of records and physical evidence that has not been digitized and is located in Ripon, California. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Lead defense counsel returned from months of medical leave in November 2025. Since that time, she has made this case a priority in order to prepare for trial. There are two issues that make trial preparation particularly laborious and difficult in this case, justifying the requested trial date.

    c) First, there are 43 boxes or other containers of physical evidence that are located in Ripon, California. The contents of these boxes are all items seized during the execution of a search warrant on office space associated with Tongi Tupe, LLC, the organization that is the subject of this criminal proceeding. They include extremely relevant evidence, including organizational documents, receipts, notes, payroll ledgers, and other items. Because they have not been digitized or produced

electronically, defense counsel must physically drive to Ripon, nearly three hours round trip, to inspect the boxes. The defense team has already traveled to Ripon on two occasions, and has been able to generally inspect the items in each box and determine which boxes contain the most relevant information. By doing so, the defense team has narrowed the number of relevant boxes from 43 to 18. However, at this point, the contents of the boxes must be scanned or otherwise be made electronically available so that counsel may again refer to the documents as trial approaches, review and discuss the documents with their client, and potentially prepare them as exhibits. Defense counsel and counsel for the government are discussing how to do that efficiently, although it appears that defense team staff will have to travel to Ripon to scan each item by hand, which will take a considerable amount of time and resources. This is especially true considering the current state of staffing at the Federal Defender's Office, including the upcoming retirement of the assigned paralegal to this case and a hiring freeze.

d)  Second is the matter of a Tongan interpreter to assist the defense team in translating documents and videos in discovery and in preparing a defense with their client. After returning from medical leave, lead defense counsel personally reached out to four more Tongan interpreters by phone and email. Despite receiving some initial responses, every single interpreter ceased contact with defense counsel before a contract could be drafted or signed. Miraculously, earlier in January, the defense team stumbled upon an interpreting agency that has contact with a Tongan interpreter. After initial contact, the agency has been proactive in becoming authorized to receive federal payments. The defense team is in the middle of negotiating a contract with the agency and hopes to have one in place in the coming weeks. More time is needed for the interpreter to work on numerous relevant translations, including the defendant's own statements, in preparation for trial.

e)  Finally, with regard to scheduling, counsel for the government is scheduled to be in trial in September 2026 in *United States v. Shariar Loloee*, no. 2:23-cr-00320-TLN.

-3-

The case is a complex multi-defendant white collar fraud, immigration fraud, and pandemic loan fraud trial that is presently set in front of Chief Judge Nunley to begin on September 28, 2026, and last for approximately nine weeks (*i.e.*, through Thanksgiving).

f) In light of all the foregoing, while over a year away, the proposed trial schedule allows defense counsel additional time to scan relevant discovery, review and discuss that discovery with their client, and utilize the services of a Tongan interpreter to conduct defense investigation as it relates to trial and possible sentencing issues, and otherwise prepare for trial.

g) Counsel for defendant believe the failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h) The government does not object to the continuance.

i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 30, 2026 to March 1, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

////

////

////

////

////

-4-

Dated: January 22, 2026                    HEATHER E. WILLIAMS
                                           Federal Defender

                                           */s/ Meghan McLoughlin*
                                           MEGHAN MCLOUGHLIN
                                           NOA OREN
                                           Assistant Federal Defenders
                                           Attorneys for Defendant
                                           TILILA WALKER SUMCHAI


                                           ERIC GRANT
                                           United States Attorney


Dated: January 22, 2026                    */s/ Sam Stefanki*
                                           SAM STEFANKI
                                           Assistant United States Attorney

**ORDER**

The court, having received, read and considered the parties' stipulation filed on January 22, 2026 (Doc. No. 50), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for January 30, 2026, is VACATED, and the following trial schedule is SET: a Trial Confirmation Hearing is SET for December 18, 2026, at 9:30 a.m., and an estimated seven- week Jury Trial is SET for March 1, 2027, at 9:00 a.m. It is FURTHER ORDERED that Rule 12 Motions shall be filed no later than September 25, 2026, and be noticed for hearing on November 13, 2026, at 9:30 a.m., with Oppositions to be filed by October 16, 2026, and Replies to be filed by October 30, 2026. All hearings will be held in Courtroom 10 before the Honorable Dena M. Coggins. The time period between January 30, 2026, and March 1, 2027, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial. In light of this Order, the parties' stipulated request filed on January 13, 2026 (Doc. No. 47) is DENIED as moot.

IT IS SO ORDERED.

Dated:    **January 24, 2026**                    _____

Dena Coggins
United States District Judge

-6-